# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2010

No. 09-30425

Lyle W. Cayce
Clerk

PATRICK BROWN,

Plaintiff - Appellant

v.

LEROY HOLIDAY; GARY ALLEN; PAT SMITH; MICHAEL LLOYD; BARRETT BOOK; VERNON WHITE; CRAIG ROBINSON; NANCY HOOKS; LIEUTENANT COWAN; RANDALL EUBANKS; OFFICER DWANES,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:04-CV-904

Before BENAVIDES, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Patrick Brown appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint following a bench trial. Brown alleged that he was the victim of constitutionally excessive force by correctional officers Randall Eubanks and Barrett Book while in detention awaiting deportation on an immigration violation at the River Correctional Center in Ferriday, Louisiana.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Factual findings made in a bench trial are reviewed for clear error, while legal issues are reviewed de novo. *See* FED. R. CIV. P. 52(a); *see also Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998). For a factual finding to be clearly erroneous, an appellate court must have a firm conviction, based on a review of the entire record, that a mistake has been made. *See Justiss Oil Co., Inc. v. Kerr-McGee Refining Corp.*, 75 F.3d 1057, 1062, 1067 (5th Cir. 1996). The burden of showing that the factual findings are clearly erroneous is heavier if, as in this case, the credibility of witnesses is a factor in the trial court's decision. *See Canal Barge Co. Inc. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000).

In this case, the district court judge's rejection of Brown's excessive force claim was based almost entirely on his determinations that Eubanks and Brown were credible in testifying that they did not "beat" or "kick" Brown or witness any other prison official do so, and that Brown's description of the incident was less credible. Because the record and trial court testimony plausibly supports the district court's decision to find credible Eubank's and Brown's assertions, it did not clearly err in dismissing Brown's excessive force claims. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Accordingly, we AFFIRM.